IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED
2015 JAN -5  AM 11: 30
CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
      DEPUTY

| | | |
|---|---|---|
| J & J PRODUCTIONS, INC., <br> as Broadcast Licensee of the November 12, 2011 <br> Manny Pacquiao v. Juan Manuel Marquez, <br> Championship Fight Program, <br><br>     Plaintiff <br><br> v. <br><br> 1) PFLUGERVILLE DRAUGHT HAUS, INC., <br> individually, and d/b/a HANOVER'S <br> DRAUGHT HAUS and d/b/a HANOVER'S <br> MARKET and d/b/a HANOVER'S; <br> 2) ADELINE BUI a/k/a ADLINE NGAN-BINH <br> BUI, individually, and d/b/a HANOVER'S <br> DRAUGHT HAUS and d/b/a HANOVER'S <br> MARKET and d/b/a HANOVER'S; and <br> 3) UYEN TRAN A/K/A UYEN TAN TRAN, <br> individually, and d/b/a HANOVER'S <br> DRAUGHT HAUS and d/b/a HANOVER'S <br> MARKET and d/b/a HANOVER'S, <br><br>     Defendants | § § § § § § § § § § § § § § § § § § § § § § § § | Civil Action No. 1:14-CV-1018 |

## DEFENDANTS' ANSWER

TO THE HONORABLE UNITED STATE DISTRICT COURT JUDGE:

    Defendants Pflugerville Draught Haus, Inc., individually, and d/b/a Hanover's Draught Haus and d/b/a Hanover's Market and d/b/a Hanover's, Adeline Bui a/k/a Adline Ngan-Binh Bui, individually, and d/b/a Hanover's Draught Haus and d/b/a Hanover's Market and d/b/a Hanover's, Uyen Tran a/k/a Uyen Tan Tran, individually, and d/b/a Hanover's Draught Haus And D/B/A Hanover's Market and d/b/a Hanover's file this Answer to Plaintiff's Original Complaint.

Defendant, Pflugerville Draught Haus, Inc., individually, and d/b/a Hanover's Draught Haus and d/b/a Hanover's Market and d/b/a Hanover's admits it has been sued correctly in its d/b/a iterations.

Defendant, Adeline Bui, individual, denies she is doing business or was doing business on November 12, 2011 as Hanover's Draught Haus and d/b/a Hanover's Market and d/b/a Hanover's.

Defendant, Adeline Bui, individual, denies she is also known as Adline Ngan-Binh Bui. Defendant Adeline Bui is also known as Adeline Ngan-Binh Bui.

Defendant, Uyen Tran a/k/a Uyen Tan Tran, individual, denies he is doing business or was doing business on November 12, 2011 as Hanover's Draught Haus and d/b/a Hanover's Market and d/b/a Hanover's.

## ASSERTION OF AFFIRMATIVE DEFENSES

Pleading further, Defendants hereby assert the following affirmative defenses to which they may be entitled:

1.      Defendants did not willfully violate 47 U.S.C. §§553 and/or 605.

Defendants reserve the right to raise additional affirmative defenses as they become apparent during the development of this case.

## DEFENDANTS' ANSWER SUBJECT TO AFFIRMATIVE DEFENSES

Pursuant to Federal Rule of Civil Procedure 8(b), Defendants deny each and every allegation contained in Plaintiff's Original Complaint except for those expressly admitted. In several instances, the Defendants have identified statements in the complaint that are legal conclusions or non-factual statements rather than factual assertions. No response to these legal conclusions or factual statements is required. However, if responses are required, Defendants

deny the legal conclusions, non-factual statements, and all assertions contained in the Plaintiff's Original Complaint.

## PARTIES

1. Defendants are without knowledge or information sufficient enough to form a belief as to the truth of the averments contained in this paragraph.

2. Admit.

   A. Admit.

   B. Admit.

   C. Admit as to some of the activities, and deny as to some activities.

   D. Admit.

3. Admit the first sentence.

   A. Deny.

   B. Defendant admits she was an officer of Pflugerville Draught Haus, Inc., but was not the owner of Pflugerville Draught Haus, Inc.

   C. Defendant admits, as an officer of Pflugerville Draught Haus, Inc.

   D. Admit.

4. Admit the first sentence.

   A. Deny.

   B. Defendant admits he was an officer of Pflugerville Draught Haus, Inc., but was not the owner of Pflugerville Draught Haus, Inc.

   C. Defendant admits, as an officer of Pflugerville Draught Haus, Inc.

   D. Admit.

## STATEMENT OF JURISDICTION

5. Admit that is the assertion being made by Plaintiff in this case. Defendants are without knowledge or information sufficient enough to form a belief as to the truth of the averments contained in this paragraph because Defendants are without knowledge or information sufficient enough to form a belief that Plaintiff was the broadcast licensee of the event identified in this complaint.

## VENUE

6. Admit.

## STATEMENT OF THE CLAIM

7. Defendants are without knowledge or information sufficient enough to form a belief as to the truth of the averments contained in this paragraph.

8. Admit.

9. Defendants are without knowledge or information sufficient enough to form a belief as to the truth of the averments contained in this paragraph.

10. Admit.

11. Admit sentence one. Deny that Defendants did not contract with some entity to broadcast the event. Defendants purchased and paid for a residential contract for the event.

12. Defendants are without knowledge or information sufficient enough to form a belief as to the truth of the averments contained in this paragraph.

13. Deny the first sentence. Admit that Defendants, being the first time ordering such an event, paid for the event from some entity and showed it in the establishment, but unknowingly purchased a residential account.

14. Deny the first and second sentence. Admit that Defendants, being the first time ordering such an event, paid for the event from some entity and showed it in the establishment, but

unknowingly purchased a residential account. Defendants financial gain came from the patrons that come to the establishment for the bands that performed that weekend, Saturday, November 12, 2011, and every weekend.

15. Admit patrons had the ability to view the event. Deny the Defendants were not entitled to view the event as Defendants mistakenly purchased a residential account.

16. Defendants are without knowledge or information sufficient enough to form a belief as to the truth of the averments contained in this paragraph that Plaintiff was the duly licensed authorized entity. Admit persons who viewed the event would have been able to view the event at a duly licensed and authorized establishment or in their residence.

17. Deny. Defendants purchased a residential account.

## COUNTS I AND II

18. Defendants admit that Plaintiff has made claims under 47 U.S.C. §553. However, Defendants Deny Defendants willfully transmitted the event in violation of 47 U.S.C. §553. Deny Defendants profited from the event as the profits were related to the bands patrons came to see.

19. Defendants admit that Plaintiff has made claims under 47 U.S.C. §605. However, Defendants Deny Defendants willfully transmitted the event in violation of 47 U.S.C. §605. Defendants Deny Defendants profited from the event as Defendants' profits were related to the bands patrons came to see.

## RELIEF REQUESTED

(a) Defendants admit that Plaintiff seeks damages under 47 U.S.C. §553(c)(3)(A)(i) but deny Plaintiff's entitlement to any such relief.

(b)     Defendants admit that Plaintiff seeks damages under 47 U.S.C. §553(c)(3)(B) but deny Plaintiff's entitlement to any such relief.

(c)     Defendants admit that Plaintiff seeks damages under 47 U.S.C. §605(e)(3)(C)(i)(II) but deny Plaintiff's entitlement to any such relief.

(d)     Defendants admit that Plaintiff seeks damages under 47 U.S.C. §605(e)(3)(C)(ii) but deny Plaintiff's entitlement to any such relief.

(e)     Admit that Defendants will not show any unauthorized or unlicensed programs and will not violate 47 U.S.C. §§553 and 605 in the future.

(f)     Defendants admit that Plaintiff seeks costs, expenses and attorney fees, but denies Plaintiff's entitlement to such as Defendants already made and makes an offer of settlement and judgment for the cost of the exhibition, $6,000.00 plus $4,000.00 in attorney fees, costs and expenses for a total settlement and/or offer of judgment of $10,000.00.

(g)     Defendants admit that Plaintiff seeks pre and post-judgment interest at the highest rate allowed by law.  Defendants deny Plaintiff is entitled to this as Defendants already made and makes an offer of settlement and judgment for the cost of the exhibition, $6,000.00 (including pre and post-judgment interest) plus $4,000.00 in attorney fees, costs and expenses for a total settlement and/or offer of judgment of $10,000.00.

(h)     Defendants admit that Plaintiff seeks other and further relief but denies Plaintiff is entitled to this as this statement by Plaintiff does not apprise Defendants of what Plaintiff seeks.

**20.     Prayer**

Defendants request that the Court enter a judgment that Plaintiff takes the minimum allowed by 47 U.S.C. §§553 and 605, no attorney fees or costs or expenses or, in the alternative, that Plaintiff be limited to a maximum judgment, including damages, attorney fees, costs, and

expenses, pre and post-judgment interest of $10,000.00, which is the offer of settlement and offer of judgment made by Defendants to Plaintiff, and for such other and further relief to which Defendants may show themselves to be justly entitled.

Respectfully submitted,

Pflugerville Draught Haus, Inc.,
individually, and d/b/a Hanover's Draught
Haus and d/b/a Hanover's Market and d/b/a
Hanover's,
Pro Se

By: _____
Adeline Bui, Officer
108 Main Street
Pflugerville, Texas 78660
Email: hanoverstx@gmail.com
Tel.   512-762-8104

_____
Adeline Bui, Pro Se
3612 Goodnight Trail
Leander, Texas 78641
Email: 512-299-0292
Tel.

_____
Uyen Tran, Pro Se
20008 Wearyall Lane
Pflugerville, Texas 78660
Email: hanoverstx@gmail.com
Tel.   512-299-0292

## **CERTIFICATE OF SERVICE**

   I hereby certify that a true and correct copy of the foregoing instrument was forwarded to all counsel on this the 2nd day of January, 2015.

**Via Fax:**  214-521-8821

David M. Diaz
Attorney in charge
Andrew R. Korn
The Korn Diaz Firm
4221 Avondale Avenue
Dallas, Texas 75219
Tel: 214-521-8800
Fax: 214-521-8821
ddiaz@kbdtexas.com
akorn@kbdtexas.com
ATTORNEY FOR PLAINTIFF
J & J SPORTS PRODUCTIONS, INC.

                 _____
                 Adeline Bui for Pflugerville Draught House, Inc.